JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
KATE JENKINS

**DEFENDANTS**

HUMANA, INC., HUMANA AT HOME, INC., HUMANA AT HOME 1 INC., AND SENIOR BRIDGE FAMILY COMPANIES(NJ), INC.

(b)  County of Residence of First Listed Plaintiff   Burlington
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MIDDLESEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Lane J. Schiff, Esquire
Console Law Offices LLC
110 Marter Avenue
Suite 105
Moorestown, NJ 08057
856-854-4000

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000e, et seq. ("Title VII"); N.J.S.A. §10:5-1, et seq. ("NJLAD"); 29 U.S.C. §2601, et seq. ("FMLA") N.J.S.A. §34:11B-4, et seq. ("NJFLA").
Brief description of cause:
Plaintiff is alleging sex and pregnancy discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    n/a
JUDGE _____    DOCKET NUMBER _____

DATE
October 6, 2016

SIGNATURE OF ATTORNEY OF RECORD
Lane J. Schiff, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

_____
|
**KATE JENKINS**                              :
**Edgewater Park, NJ 08010**          :       **CIVIL ACTION NO.**
                                                       :
                  **Plaintiff,**              :
                                                       :
             **v.**                              :
                                                       :       **JURY TRIAL DEMANDED**
**HUMANA, INC., HUMANA AT**        :
**HOME, INC., HUMANA AT HOME**   :
**1, INC., AND SENIOR BRIDGE**      :
**FAMILY COMPANIES (NJ), INC.**     :
**1 Rossmoor Drive**                       :
**Monroe Township, NJ 08831**        :
                                                       :
                  **Defendants.**          :
_____ :

## CIVIL ACTION COMPLAINT

**I.    INTRODUCTION**

Plaintiff, Kate Jenkins, brings this action against her former employer,

Humana, Inc., Humana at Home, Inc. Humana at Home 1, Inc., and Senior

Bridge Family Companies (NJ), Inc. Defendants' discriminatory conduct against

Plaintiff on the basis of her sex/pregnancy  violated Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §2000e, _et seq._ ("Title VII"), and the New

Jersey Law Against Discrimination, as amended, N.J.S.A. §10:5-1, _et seq._

("NJLAD"). Plaintiff was also terminated in violation of the Family Medical Leave

Act, 29 U.S.C. §2601, _et seq._ ("FMLA") and the New Jersey Family Leave Act,

N.J.S.A., §34:11B-4, _et seq._ ("NJFLA").

II.   **PARTIES**

1.    Plaintiff, Kate Jenkins, is an individual and a citizen of the State of New Jersey.

2.    Plaintiff is female.

3.    At all times material hereto, Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during the (12) month period preceding Defendants' decision to terminate her employment.

4.    Defendant Humana, Inc. is a corporation which performs business services at 1 Rossmoor Drive, Monroe Township, New Jersey 08831.

5.    Defendant Humana at Home, Inc. is a corporation which performs business services at 1 Rossmoor Drive, Monroe Township, New Jersey 08831.

6.    Defendant Humana at Home 1, Inc. is a corporation which performs business services at 1 Rossmoor Drive, Monroe Township, New Jersey 08831.

7.    Defendant Senior Bridge Family Companies (NJ), Inc. is a corporation which performs business services at 1 Rossmoor Drive, Monroe Township, New Jersey 08831.

8.    At all times material hereto, Defendants acted by and through its authorized agents, servants, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9.    At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had

2

interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

10.     At all times material hereto, Defendants acted as employer within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.   **JURISDICTION AND VENUE**

12.     The causes of action which form the basis of this matter arise under Title VII, the FMLA, the NJLAD, and the NJFLA.

13.     The District Court has jurisdiction over Count I (Title VII) and count II (FMLA) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

14.     The District Court has supplemental jurisdiction over Count III (NJLAD) and Count IV (NJFLA) pursuant to 28 U.S.C. §1367.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

16.     On or about June 26, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the unlawful acts alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17.     On or about July 12, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination.  Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with

personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

19.     Plaintiff was employed by Defendants from in or about September of 2006 until on or about January 29, 2015, the date of her unlawful termination of employment.

20.     Throughout the course of her employment, Plaintiff consistently performed her job duties in an excellent manner.

21.     From the date she commenced employment until in or about November of 2008, Plaintiff held the position of Field Service Coordinator.

22.     In or about November of 2008, Plaintiff was promoted to the position of Operations Manager.

23.     In or around January of 2012, Plaintiff was promoted to the position of Executive Director.

24.     On or about July 6, 2012, Plaintiff began reporting to Ruth Farrago, Director of Operations.

25.     In or about October of 2012, Plaintiff was promoted to the position of Regional Executive Director.  Plaintiff held this position until her termination of employment.

26.     On or about February 2, 2014, Plaintiff witnessed Ms. Farrago and Jackie Morrison, Senior Vice President, Clinical Services and Quality Management, complain about the number of employees who had recently

requested, or were already out on, a leave of absence pursuant to the FMLA.

27.     Defendants' management commented how this was "hurting the company."

28.     In or about February of 2014, Plaintiff became pregnant.

29.     In or about May 2014, Plaintiff notified Ms. Farrago of her pregnancy.

30.     In response to Plaintiff notifying Ms. Farrago of her pregnancy, Ms. Farrago inquired as to who would watch Plaintiff's baby while she worked and how much maternity leave Plaintiff planned to take.

31.     Subsequent to Plaintiff announcing her pregnancy, Defendants interfered with Plaintiff's ability to perform her job duties and unjustly criticized her performance.

32.     In connection with Plaintiff's pregnancy, she took a leave of absence, pursuant to the FMLA and NJFLA, from on or about November 7, 2014 until on or about January 12, 2015.

33.     Upon Plaintiff's return from her leave of absence, on or about January 12, 2015, Plaintiff was scheduled to meet with Ms. Ferrago to discuss the current status of the Defendants' operations.  However, Ms. Farrago canceled this appointment.

34.     Over the next two (2) weeks, Ms. Farrago canceled numerous other appointments with Plaintiff.

35.     On or about January 29, 2015, Defendants terminated Plaintiff's employment.

36. Defendants stated that the reason Plaintiff was terminated was because of violations of the Critical Offenses Policy.

37. Defendants' stated reason for terminating Plaintiff is pretext for discrimination.

38.     Plaintiff's sex and/or pregnancy was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, Plaintiff's termination of employment.

39.     Plaintiff's use of protected leave under the FMLA and NJFLA was a motivating and/or determinative factor in connection with Defendants' decision to terminate Plaintiff's employment.

40.     As a direct and proximate result of the unlawful conduct of Defendants complained of herein, Plaintiff has in the past incurred and in the future will incur a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and/or loss of life's pleasures, the full extent of which is not known at this time.

41.     As a direct and proximate result of Defendants' unlawful behavior, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

## COUNT I - Title VII

42.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

43.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

6

44.     Defendants acted with malice and/or showed willful and/or reckless indifference to the discriminatory practices complained of herein.

45.     Defendants' conduct warrants the imposition of punitive damages.

46.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful acts unless and until this Court grants the relief requested herein.

47.     No previous application has been made for the relief requested herein.

## COUNT II - FMLA

48.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

49.     By committing the foregoing acts against Plaintiff, Defendants violated the FMLA.

50.     Defendants, by terminating Plaintiff for use of protected leave, have discriminated and retaliated against Plaintiff and violated the FMLA.

51.     Defendants knew and/or showed reckless disregard as to whether the foregoing acts were in violation of the FMLA, thereby warranting the imposition of liquidated damages.

52.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until this Court grants the relief requested herein and has incurred attorneys' fees and costs.

53.     No previous application has been made for the relief requested herein.

## COUNT III - NLAD

54.     Plaintiff incorporates herein by reference the above, as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the NJLAD.

56.     Upon information and belief, Defendants' upper management participated in, or were willfully indifferent to, the violations of the NJLAD complained of herein.

57.     Defendants' conduct warrants the imposition of punitive damages.

58.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT IV – NJFLA

60.     Plaintiff incorporates herein by reference the paragraphs \ above, as if set forth herein in their entirety.

61.     By committing the foregoing acts against Plaintiff, Defendants have violated the NJFLA.

62.     Defendants, by terminating Plaintiff for use of protected leave, have discriminated and retaliated against Plaintiff and violated the NJFLA.

63.     As a direct and proximate result of Defendants' violation of the NJFLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

64.     Said violations were intentional and warrant the imposition of punitive damages.

65.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the NJFLA unless and until the Court grants the relief requested herein.

66.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(d)     declaring the acts and practices complained of herein to be in violation of the NJFLA;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding Plaintiff back pay;

(g)     awarding Plaintiff front pay;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(i)     awarding punitive damages to Plaintiff under Title VII, the NJLAD, and the NJFLA;

(j)     awarding liquidated damages to Plaintiff under the FMLA;

(k)     awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA, the NJLAD, and the NJFLA;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(m)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE LAW OFFICES LLC

Dated: October 6, 2016          BY: _____

Stephen G. Console
Lane J. Schiff
110 Marter Ave. Suite #105
Moorestown, NJ 08057
(856) 854-4000
(856) 854-4006 (fax)
Attorneys for Plaintiff, Kate Jenkins

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY<br>FEPA<br>x EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | 530 2015 03600 |
| STATE OR LOCAL AGENCY: | | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Kate Jenkins** | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|
| STREET ADDRESS █████ | CITY, STATE AND ZIP<br>**Edgewater Park, NJ 08010** | DATE OF BIRTH █████ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Humana SeniorBridge** | NUMBER OF EMPLOYEES | TELEPHONE (Include Area Code)<br>**609-395-5575** |
|---|---|---|
| STREET ADDRESS<br>**1 Rossmoor Drive** | CITY, STATE AND ZIP<br>**Monroe Township, NJ 08831** | COUNTY<br>**Middlesex** |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>0 Race  0 Color  **XX Sex**  0 Religion  0 National Origin<br>0 Retaliation  0 Age  0 Disability  **XX Other***(Specify)* **Pregnancy** | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest*<br>                **1/29/2015** |
|---|---|

**The Particulars Are:**

A.   1.   <u>Relevant Work History</u>

In or around September 2006, I was hired by Respondent as a Field Service Coordinator. In or around November 2008, I was promoted to Operations Manager. In or around January 2012, I was promoted to Executive Director of Respondent's Monroe & Lawrenceville sites. On or about July 6, 2012, I began reporting to Ruth Farrago, Director of Operations. I reported to Ms. Farrago until I was terminated by Respondent on January 29, 2015.

Throughout my employment with Respondent I was a loyal and dedicated employee. At no time prior to my termination did Respondent advise me of any performance deficiencies or subject me to any progressive discipline or performance improvement plan.

| ___ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |

| x *Kate Jenkins*<br>Date:       Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

15 JUN 26 PM 4:38<br>EEOC PHILADELPHIA DISTRICT OFFICE<br>RECEIVED



**EEOC Charge of Discrimination**
**Page 2 of 4**
**Jenkins, Kate v. Humana SeniorBridge**

2. <u>Harm Summary</u>

     Respondent has discriminated against me because of my sex (female) and pregnancy. Evidence of Respondent's discriminatory conduct includes, but is not limited to, the following:

(a) Prior to May 2014, I made significant contributions to Respondent and was repeatedly commended for my performance. Evidence of my significant contributions and commendable performance includes, but is not limited to, the following:

       (i)     On or about March 22, 2013, I was promoted to manager, Central and South New Jersey;

       (ii)    On or around November 4, 2013, I was notified that I had been selected to participate in Respondent's Management Incentive Plan because I had been identified as a leader at Humana and had "the potential to positively impact business results";

       (iii)   On or around December 11, 2013, I received a positive annual evaluation from my supervisor Ms. Farrago. My evaluation noted that I met, and often exceeded, performance expectations. My evaluation also stated that I had "advanced as a leader" and was a "high achiever" who "seeks growth and development opportunities", as well as that I was "available to support my staff at all times, [had] a solid relationship with clients, families and referral sources";

       (iv)   In or around April 2014, I was selected for Respondent's Leadership Program;

(b) On or about February 3, 2014, I attended Respondent's monthly leadership meeting in New York City. During one of the meeting's sessions for operational managers, Ms. Farrago and Jackie Morrison, Senior Vice President, Clinical Services and Quality Management, talked about how there were a number of people who had recently requested, or were already out on, FMLA leave, noting that Respondent was unprepared for the amount of individuals on leave and that FMLA leave was "hurting the company".

(c) In or around May 2014, I advised Ms. Farrago that I was pregnant.

(d) In response to my notifying her of my pregnancy, Ms. Farrago immediately questioned me as to who would watch my baby while I worked and how much maternity leave I planned to take.

(e) On or about June 16, 2014, Respondent terminated my Clinical Services Consultant direct report. At that time, Respondent told me that I would receive clinical support from Denise Banura, Regional Director of Northern New Jersey, and Anna Cerades, until Respondent hired a replacement Clinical Services Consultant.

**EEOC Charge of Discrimination**
**Page 3 of 4**
**Jenkins, Kate v. Humana SeniorBridge**

(f) In accordance with Respondent's policy, I immediately submitted a job posting for the Clinical Services Consultant position to Ms. Farrago for approval. Ms. Farrago failed to review and approve the posting until June 26, 2014, despite knowing that I had submitted the posting on June 16, 2014.

(g) On or about July 1, 2014, I met with Ms. Farrago, Ms. Morrison, Ms. Cerades, and Ms. Banura, to establish a clinical support plan for Respondent's Monroe, New Jersey location, as the site had been without clinical support since the termination of my Clinical Services Consultant direct report. At the meeting, Ms. Morrison made accusations against me in front of my colleagues, alleging that I had "created the problem" [of no clinical support] and that my complaints against the former Clinical Services Consultant, which resulted in his termination, were the reason that there was "no [clinical support] plan in place".

(h) In or around July 21, 2014, Respondent hired a new Clinical Services Consultant, who would directly report to me. However, at no time prior to the hire did Respondent involve me in the applicant selection process.

(i) I remained without a Clinical Services Consultant through November 2014, as the individual hired for the position did not start working with Respondent until then.

(j) On or about August 15, 2014, I sent an email to Ms. Farrago, requesting her "approval, expertise and guidance" in developing a clinical plan, as I continued to be without a Consultant. Ms. Farrago failed to respond to my request.

(k) In or around September 2014, I asked Ms. Morrison for her guidance regarding a client issue. In response, Ms. Morrison told that me that it was "probably your [my] fault so go fix it".

(l) In or around October 2014, as part of Respondent's Leadership Program, for which I had been selected in April 2014, I gave a presentation to Humana leadership and my fellow program participants. As my direct supervisor, Ms. Farrago was responsible for lending her guidance and expertise to my presentation. However, despite my repeatedly reaching out to Ms. Farrago for guidance after our initial discussion about the project, she failed to respond or otherwise assist me.

(m) On November 7, 2014, my last day in the office prior to my taking maternity leave, I was scheduled to meet with Ms. Farrago to discuss the status of Respondent's Monroe, New Jersey office's operations and financials. However, Ms. Farrago canceled our appointment.

(n) On or about January 12, 2015 I returned from maternity leave. Ms. Farrago was scheduled to meet with me in my office to update me on the current status of the office's operations and financials that week. However, Ms. Farrago canceled this appointment. Over the course of the next two weeks, Ms. Farrago repeatedly canceled our appointments to discuss the current operations and financials' status.

**EEOC Charge of Discrimination**
**Page 4 of 4**
**Jenkins, Kate v. Humana SeniorBridge**

RECEIVED
15 JUN 26   PM 4:39
EEOC PHILADELPHIA
DISTRICT OFFICE

     (o) On or about January 29, 2015, Respondent terminated my employment, citing that I had "violations of the Critical Offenses Policy and failed to meet established expectations".

B.   1.   <u>Respondent's Stated Reasons</u>

     (a) Respondent has failed to articulate a legitimate, non-discriminatory reason for discriminating against me based on my sex (female) and my pregnancy.

     (b) Respondent's articulated reasons for my termination are pre-textual.

C.   1.   <u>Statutes and Basis for Allegations</u>

     I allege that Respondent has discriminated against me based on my sex (female) and my pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD").

# EXHIBIT B

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| To: | Kate Jenkins | From: | Philadelphia District Office |
|---|---|---|---|
| | Edgewater Park, NJ 08010 | | 801 Market Street |
| | | | Suite 1300 |
| | | | Philadelphia, PA 19107 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(e))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2015-03600** | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

7-12-16

*(Date Mailed)*

CC:   Brian Machlis, President
HUMANA, INC.
One Rossmoor Drive- #2
Monroe Township, NJ 08831

Lane Schiff, Esq.
CONSOLE LAW OFFICES
1525 Locust Street, 9th Floor
Philadelphia, PA 19102